UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CODY HARRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01269-SPM |
| | ) |
| DONALDSON, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on self-represented plaintiff Cody Harry's application to proceed in the district court without prepayment of fees and costs. Based on plaintiff's financial information, the Court will grant the application. Additionally, on initial review, the Court will dismiss plaintiff's case without prejudice for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Because plaintiff is proceeding without payment of the filing fee, his complaint is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. App'x 581 (8th Cir. 2008). Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff brings this discrimination action against his employer, defendant Donaldson, where he works as an inventory clerk. He states that he has been subjected to work place harassment and racial discrimination. Because plaintiff's allegations are difficult to comprehend, the Court will quote his Statement of Claim in full:

> Work Place harassment, racial discrimination, my car was being messed with by somebody from work behind my back, Managers and co workers (informants) are impersonating and using the real co-workers names at the time they [were] only showing up on the days I work (again using the real employees names). And committing the crimes like going behind my back and switching my work around. I did file[] complaints to the City of Chesterfield and the cops didn't do anything at the time. They were (still [are]) going behind my work and messing up my jobs and switching packets. Been working as a Temp for over a year now and still have no benefits next thing you know they hire another "employee" full time with no background in the position I apply for so now it's 5 [inventory] people in a small warehouse. I'm studying cyber security. I did complain about the fake cell towers and snooping through my phone illegally. Everytime I was around or on my social media or texting during break the next thing you know they bring up stuff I said in a text message, email or my social media. [A]nd I know what a stingray [device] do[es] and I have no warrants[.] Ever since I started working here I only been pulling nothing but jobs and I still have the job description of what I['m] supposed to be doing. Everytime I go grab some work one of them always followed me, especially in the bathroom. [I]t's a lot more but I'm filing online[.]

(Compl. at 5). Plaintiff attaches an additional page to his complaint, listing six coworkers that he alleges are engaged in various nefarious acts, including going behind his back, disappearing for

long periods of time, "not my real boss but using her name," tampering with his car, or carrying large backpacks that plaintiff believes have to do with surveillance. *Id.* at 7.

For damages, plaintiff seeks $70,000 and to either be hired full time "and get rid o[f] the federal informants at that job or stop the feds from illegally using fake cell sites simulators (wiretapping) so I can act[ua]lly try to find full time work." *Id.*

## Discussion

This is the third employment discrimination case plaintiff has filed in the past two years alleging similar factual allegations against different employers. *See Harry v. FBI*, No. 4:23-cv-1014-HEA (E.D. Mo. filed Aug. 16, 2023) and *Harry v. Allios/Nexius*, No. 4:23-cv-382-SPM (E.D. Mo. filed Mar. 27, 2023). Both plaintiff's prior cases were dismissed on initial review as factually frivolous.

Similarly, here the Court finds that plaintiff's allegations are factually frivolous, and will dismiss the complaint on initial review under 28 U.S.C. § 1915(e)(2)(B). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Supreme Court has stated, district courts are "all too familiar" with these types of claims, and are in the best position to determine which claims are factually frivolous. *Id.*

Reading the complaint as a whole, plaintiff believes he is being monitored at work and that individuals are being deployed to surveil him electronically using false cell phone towers. He

alleges his work is being undermined by coworkers, his coworkers are impersonating other people, his property is being tampered with, and he is being followed. The Courts finds these allegations to be factually frivolous and baseless. *See Denton,* 504 U.S. at 32-33. For these reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 5]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of September , 2024.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE